STATE v. FOREST M. HOLDER.

(Filed 2 March, 1960.)

**1. Criminal Law § 156—**

An inadvertence of the court in stating the contentions of defendant must be brought to the court's attention in time for correction in order to be considered on appeal.

APPEAL by defendant from *Nettles, E. J.,* September Term, 1959, GASTON Superior Court.

This criminal prosecution originated in the Municipal Court of the City of Gastonia upon a warrant charging the defendant with the operation of a motor vehicle on the public highway while under the influence of intoxicating liquor. From a conviction and judgment in the Municipal Court, he appealed to the Superior Court of Gaston County. Upon the trial in the superior court the defendant called the Sheriff of Gaston County as a witness. The Sheriff testified he had known the defendant for 10 years — had seen him when he was drunk and when he was sober; that he saw him in jail about 30 minutes after his arrest and it was his opinion that the defendant "was not under the influence."

On cross-examination, he testified without objection: "Later on

that week Mr. Holder did get drunk and I took him to Dix Hill."

The court, with respect to the defendant's evidence and contentions, charged the jury: "He argues and contends . . . Sheriff Beam has testified that he saw the defendant some 30 minutes after he had been apprehended . . . that in his opinion he was not drunk. . . . and that thereafter, in about two days, he took him to the State Hospital at Raleigh for the purpose of having him treated for alcoholism."

From a verdict of guilty and judgment thereon, the defendant appealed.

*Malcolm B. Seawell Attorney General, Glenn L. Hooper, Jr., Assistant Attorney General for the State.*

*Mullen, Holland & Cooke, by: Frank P. Cooke for defendant, appellant.*

PER CURIAM. The defendant asked for a new trial solely upon the ground that the court committed error in recapitulating the defendant's evidence and contentions and that he was prejudiced by the reference to the treatment of alcoholism.

Inadvertence in stating the contentions or in recapitulating the evidence must be called to the attention of the court in time for correction. After verdict the objection comes too late. *State v. Adams,* 245 N.C. 344, 95 S.E. 2d 902.

No error.